IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :

                                                :

ROSA I. PIZARRO ESCALERA                        :          Case No. 07-01249 (ESL)
                                                           Chapter 13
                                                :
        Debtor.
                                                :

                                                :

_____                :

OPINION AND ORDER

        This case is before the court on the request for actual damages, attorney's fees and

sanctions for the willful violation of the automatic stay filed by Rosa Pizarro Escalera (the

"Debtor") and the opposition thereto filed by the Puerto Rico Department of State.

        Background

        The Debtor filed this bankruptcy petition under Chapter 13 on March 12, 2007.  The plan

dated April 3, 2007 was confirmed on May 29, 2001.  The Debtor was employed at the P.R.

Department of State (the "State Department") at the time of the filing of the petition and

subsequently.  The plan was funded through payroll deductions from the State Department.

        On March 5, 2009 the State Department sent the Debtor a letter informing her that as of

December 31, 2008 she had a negative balance in her annual and sick leave of 29 days, 3 hours

and 46 minutes equal to $3,129.28. The State Department also informed the Debtor that they

would be retaining the checks for the second bi-weekly payments from March to May 2009,

equal to 30 working days, and that the remaining 3 hours and 44 minutes would be paid through

a special payroll deduction.  The State Department failed to request court authorization prior to

the garnishment of the Debtor's salary.

        On July 31, 2009 the Debtor filed an urgent motion for violation of stay (the "Urgent

Motion") requesting this court to direct the State Department to reimburse the Debtor all of the

monies withheld from her paycheck. The Debtor explained that she is a single mother, that her son suffers from Asperger Autism syndrome and he needs special care and special education. The Debtor states that she had to pay $445.00 for extended hours and tutoring on June 30, 2009 when she started receiving her paychecks regularly after three and a half months. Debtor's paycheck every 15 days is $541.64 after deductions and the plan payments of $200.00 are deducted from her paycheck, thus the Debtor's employer knew of the bankruptcy filing. The motion was granted as unopposed on August 11, 2009.

The Debtor filed a motion for post confirmation modification of chapter 13 plan dated August 3, 2009 due to her inability to comply with both the plan and mortgage payments caused by the withholdings by the Department of State. The motion for post confirmation modification was granted on August 11, 2009.

On August 11, 2009 the Debtor filed a Memorandum in Support of Urgent Motion Requesting Remedy alleging that her employer's actions led her to fall into depression, and to incur in arrears with the Chapter 13 plan and the post-petition mortgage payments. The Debtor requests actual damages caused; loss of income for a period of 7 weeks, arrears with the plan and the post petition mortgage payments causing the Debtor to file a post confirmation modification to cure arrears, and prayed for the reimbursement of the monies withheld or $3,129.28, punitive damages and/or sanctions in the sum of $500.00 for the willful violation of the automatic stay, $5,000 in damages, and $2,000 for attorney's fees and costs.

On September 14, 2009 the State Department responded stating that the withholding had been a clerical mistake due to inadvertence and that the monies had been reimbursed already. The Debtor replied on September 16, 2009 stating that before the Urgent Motion was filed she tried to meet with the person in the Payroll Division, Irma, who refused to receive her and

- 2 -

indicated that any communication should be made through e-mail, which the Debtor did to no avail. The reimbursement was made on September 15, 2009 after many attempts to request the reimbursement pursuant to the order entered by this court.

In the joint pre-trial report filed on October 18, 2009 the parties stipulated that the above factual exposition was uncontested. The Debtor further stated that she is single and 18 weeks pregnant, with 2 children; that her employer's actions caused so much stress that her blood pressure became elevated causing Arterial Hypertension and continuous contractions; and that she was forced to be absent from her work from Sept 9 - 11, 14 - 19, 22 -29, for which period she received no paycheck inasmuch as she does not have any accumulated sick or annual leave. The State Department alleges that the withholding of monies from Debtor's salary was a clerical mistake due to "excusable negligence". The State Department stated that the mistake was caused by a change of public policy by the "central government" on allowing the use of working hours for personal matters.

Trial

The trial was held on July 14, 2010. The court denied the State Department's defense of excusable neglect and determined that there was a willful violation of the automatic stay. The parties were granted 10 days to supplement their position regarding the damages award which is the only issue pending disposition.

Ms. Rosa Pizarro testified that she received the letter from the State Department informing of the garnishment and after receipt of the letter she wrote an e-mail to her supervisor informing her of the payroll deductions in payment of the Chapter 13 plan. The garnishment made her nervous because the payments to the Chapter 13 plan were not being made. She said she did not try to stop the garnishment for fear of losing her job. The plan was affected, the

arrears to the plan were $1,900, and to the mortgage, $2,500. A motion to lift stay was filed and the Debtor filed the Urgent Motion. The Debtor stated that she took the order on the Urgent Motion with copy of a letter drafted by her attorneys to stop the garnishment to the State Department and they said they would discuss the matter with their attorneys. She received reimbursement on September 15, 2009, 30 days after delivery of the letter and the order. This situation caused her high blood pressure and severe depression as she was worried about the health of her kids. She was absent from work due to emotional distress. She became pregnant in August 2009 and due to the stress caused by the garnishment, delivered her baby at 36 weeks.

Ms. Nivea Esther Torres Ocasio, Human Resources Director of the State Department, testified that the Debtor's gross salary was $2,298 per month, net salary $1,042.50 and her bi-weekly payments were $521.25. Three bi-weekly payments were garnished; March, April and May. During these months the Debtor only received one bi-weekly payment. In March 2009 the Debtor had a negative balance of 45 days, and from January 2008 until January 2010, 96 days negative balance which equal to $10,176. The State Department did not garnish any more wages after May 2009.

The Debtor is requesting $5,272.36 in economic losses including: $350.00 in attorney's fees in relation to the modification of confirmed plan, $2,920.96 in mortgage arrears, $401.40 in attorney's fees and expenses charged by the mortgage creditor, BPPR, in relation to its motion for relief from stay, $1,600 in arrears with the plan, $2,000 in emotional and physical damages including distress, pregnancy, premature labor, $2,000 in attorney's fees for the Urgent Motion and memorandum of law, joint pre-trial report and trial, and $500.00 in sanctions for the willful violation of the automatic stay.

Post Trial Memoranda

The Department of State argued that the damages' request should be denied because the damages were minimal, the deduction on the plan was eventually made, garnishment was for three payments and stopped in May while the health problems were in September and thus were not related to the garnishment. The Department of State maintained that the pregnancy health issues could not have been related to the garnishment. In the post trial memorandum of law the Debtor argued that sanctions may be recovered against a governmental unit in violation of automatic stay cases, but punitive damages may not. Conversely, the State Department argues in its memorandum of law that the Debtor is not entitled to punitive damages as the Department of State is an arm of the Government of Puerto Rico and thus a government agency.

Discussion

Sovereign Immunity

11 U.S.C. § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." However, the contested matter before the court is the willful violation of the automatic stay action by a governmental entity, the State Department. The statutory waiver of sovereign immunity in 11 U.S.C. § 106 applies to actions brought under 11 U.S.C. 362(k)(1). Section 106 provides in its pertinent part that:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, ... 362, 523, 524, ...

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or

- 5 -

judgment awarding a money recovery, but not including an award of punitive damages.

A waiver of immunity must be "unequivocally expressed" <u>Dep't of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999), and must be strictly construed in favor of the sovereign. <u>Orff v. United States</u>, 545 U.S. 596, 601-02, 125 S.Ct. 2606, 162 L.Ed.2d 544 (2005). Ambiguities must be resolved in favor of immunity. <u>United States v. Williams</u>, 514 U.S. 527, 530, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). The 1994 amendments to § 106(a) specifically abrogate sovereign immunity as to a governmental unit with respect to actions pursuant to § 362. The broad definition of governmental unit, 11 U.S.C. § 101(27) includes the State Department of the Government/Commonwealth of Puerto Rico. Moreover, after the Supreme Court's decisions in <u>Tennessee Student Assistance Corp. v. Hood</u>, 541 U.S. 440 (2004) and <u>Central Virginia Community College v. Katz</u>, 546 U.S. 356 (2006), a waiver of sovereign immunity is valid as to in rem proceedings. Automatic stay proceedings are in rem. <u>In re Pro-Fit Holdings Ltd.</u>, 391 B.R. 850 (Bankr. C. D. Cal. 2008). A state sovereign immunity is not a defense or excuse to a violation of the automatic stay. <u>In re Omine</u>, 485 F.3d 1307 (11th Cir. 2007).

Punitive and Emotional Distress Damages

The statute is clear that punitive damages may not be assessed against a governmental unit. However, the question remains if the same holds true regarding emotional distress damages, that is, if Section 362(k)'s "actual damages", for which sovereign immunity is expressly waived, encompasses emotional distress damages.

The First Circuit in <u>In re Rivera Torres</u>, 432 F. 3d 20 (1st Cir. 2005) held that § 106 is an express waiver of sovereign immunity, and a waiver, in appropriate circumstances, for money recovery. However, the court concluded that the term "money recovery" does not include

emotional distress damages. The First Circuit acknowledged that in <u>Fleet Mortgage Group v. Kaneb</u>, 196 F.3d 265 (1st Cir. 1999) there is dicta suggesting that emotional distress damages may be available as actual damages, but finds that the Panel in <u>Kaneb</u> did not specifically reach the question of whether emotional distress damages are authorized under § 362(h). The court further noted that in <u>Bessette v. Avco Financial Services, Inc.</u>, 230 F.3d 439 (1st Cir. 2000), the Panel found that "actual damages" may be authorized under §105 for violations of §524, but did not discuss whether emotional distress damages were encompassed within the term "actual damages".

This court concludes that pursuant to §106 and First Circuit case law, the Debtor is barred from an award of punitive damages or emotional distress damages as the action was brought against a governmental entity. <u>See</u>, <u>Rivera Torres</u>, 432 F.3d 20; <u>In re Duby</u>, 2010 WL 2867447 (Bankr. D.N.H.); <u>In re King</u>, 396 B.R. 242 (Bankr. D.Mass 2008)("the Court holds that the government has not "definitively and unequivocally" waived its sovereign immunity for emotional distress damages awards under § 106(a) for willful violation of the automatic stay actions brought pursuant to § 362(k)(1), [c]onsequently, the Court shall dismiss Count I against the IRS and United States.")

<u>Other Damages</u>

The State Department's willful violation of the automatic stay by withholding three salary payments caused the Debtor to incur in attorney's fees for the modification of the confirmed plan, the filing of the Urgent Motion and Memorandum of law, the Joint Pre-Trial Report, the trial and the Memorandum of Law in Compliance with Order. The Debtor requests the amount of $2,350.00 in attorney's fees which this court finds reasonable. The Debtor also requests $401.40 in the creditor's attorney's fees for the filing of the motion for relief of stay, which this

court also finds reasonable.

This court finds that the Debtor is not entitled to damages for her pregnancy complications which included high blood pressure and premature labor, because in her testimony the Debtor recognized that she became pregnant in August 2009, at which time the reimbursement of her salary payments was in process, and the pregnancy complications arose after the monies were reimbursed. It must be noted that the post confirmation modification was approved in August 2009. Furthermore, the arrears the Debtor incurred with the mortgage and the plan do not constitute "actual damages" as the salary payments withheld were subsequently reimbursed.

Conclusion

In view of the aforestated the Debtor is awarded the amount of $2,751.40 in attorney's fees for the State Department's willful violation of the automatic stay. The Debtor's request for punitive and emotional distress damages, for the mortgage arrears and plan arrears incurred, and for the damages due to the pregnancy complications, is hereby denied.

SO ORDERED.

Dated this 18th day of January, 2011, in San Juan, Puerto Rico.

Enrique S. Lamoutte
United States Bankruptcy Court

- 8 -